IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

JENNIFER ALADI and BAMAH TAMANA, individually and on behalf of all others similarly situated,

Civil Action No.:

Plaintiff(s),

-against-

**CLASS ACTION COMPLAINT**

IMPACT RECEIVABLES MANAGEMENT, LLC,

Defendant.

---

Plaintiffs, JENNIFER ALADI and BAMAH TAMANA (hereinafter, "Plaintiff"), New Jersey residents, bring this Class Action Complaint by and through the undersigned counsel, against Defendant IMPACT RECEIVABLES MANAGEMENT, LLC (hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts"

    does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiffs bring this class action on behalf of a class of New Jersey consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

6. Defendants actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff JENNIFER ALADI is a natural person and a resident of New Jersey and is a

"Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Plaintiff BAMAH TAMANA is a natural person and a resident of New Jersey and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant is a collection agency with its principal office located at 11104 W. Airport Boulevard, Suite 199, Stafford, Texas 77477.

11. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

13. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

14. Some time prior to March 17, 2020, an obligation was allegedly incurred to THE COLONNADE.

15. The THE COLONNADE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

16. The alleged THE COLONNADE obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

17. THE COLONNADE is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

18. THE COLONNADE directly or through an intermediary contracted the Defendant to collect the alleged THE COLONNADE debt.

19. Defendant collects and attempts to collect debts incurred or alleged to have been incurred

for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

20. On or about March 17, 2020, Defendant emailed a Collection Letter (the "Letter") to the Plaintiffs regarding the alleged debt owed to THE COLONNADE.

21. Shortly after receiving the Letter via email from Defendant, Plaintiff Jennifer Aladi spoke to one of Defendant's representatives regarding the alleged amount due of $1,997.69.

22. The representative advised Plaintiff that, if she does not pay the alleged debt Defendant would report it on her credit report; and that it would remain on her credit report forever and she will never be able to rent an apartment again.

23. The representative further advised Plaintiff that, if she pays at least half of the alleged debt today, it will not be reported on her credit.

24. Plaintiff advised the representative that she would like to pay the reduced amount by credit card over the phone that day.

25. The representative advised Plaintiff that there is a $12.00 transaction fee for any payment made by credit card.

26. When Plaintiff inquired about paying the debt by mailing a check to Defendant, the representative then stated that if she pays by check there is no guarantee that the account would not be reported on her credit.

27. Pursuant to the FDCPA, a debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt.

28. Pursuant to the FDCPA, a debt collector may not us unfair or unconscionable means to collect or attempt to collect any debt.

29. Upon information and belief, the underlying THE COLONNADE agreement creating the

debt did not expressly authorize Defendant to charge a $12.00 transaction fee for using a credit or debit card.

30. Upon information and belief, there is no law in New Jersey that expressly permits Defendant to charge a processing fee for payments made via credit or debit cards.

31. As a result of the Defendant's violations of the FDCPA, the Plaintiff was harmed. The Plaintiff was harmed by being asked to pay more money than she actually owed, by being asked to pay more money than the Defendant could legally receive, by being subjected to abusive, unfair and misleading collection practices from which she had a substantive right to be free, and by having her options to pay the alleged debt made more expensive and difficult by the Defendant tacking on an additional, illegal and entirely arbitrary $12.00 fee simply for the privilege of making a payment with a credit or debit card.

32. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts.

## CLASS ALLEGATIONS

33. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) on behalf of the following class:

- The Class consists of (a) all individuals with addresses in the New Jersey (b) to whom Defendant (c) sent a letter in connection with the collection of a consumer debt owed to THE COLONNADE (d) which charges a $12.00 processing fee on payments made with a credit or debit card (e) within a date of one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

34. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collects and/or have

purchased debts.

35. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

36. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as ***Exhibit A,*** violate 15 U.S.C. §§ 1692e and 1692f.

37. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

38. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor their attorneys have any interests, which might cause them not to vigorously pursue this action.

39. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    (a)  **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

    (b)  **Common Questions Predominate:** Common questions of law and fact exist as to

        all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. §§ 1692e and 1692f.

    (c)    **Typicality:** The Plaintiffs' claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    (d)    **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are averse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    (e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

40. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is

superior to other available methods for the fair and efficient adjudication of the controversy.

41. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e
*Individually and on Behalf of All Others Similarly Situated*

42. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiffs violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

44. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

45. Defendant violated said section by:

- Falsely representing that they were entitled to charge an amount they were not entitled to in violation of §1692e(2);
- Making a false and misleading representation in violation of §1692e(10).

46. By reason thereof, Defendant is liable to Plaintiffs for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15  U.S.C. §1692f** *et seq.*
*Individually and on Behalf of All Others Similarly Situated*

47. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards the Plaintiffs violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

49. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

50. Defendant violated said section by:

    - Attempting to collect an amount not expressly authorized by the agreement creating the debt or permitted by law in violation of 15 U.S.C. §1692f(1).

51. By reason thereof, Defendant is liable to Plaintiffs for judgment that Defendant's conduct violated Section 1692f *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692e**

52. Plaintiffs repeat, reiterate and incorporate the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiffs violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

54. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

55. Defendant violated said section by:

- Threatening to continue reporting the account for a longer period of time than what is legally permitted in violation of §1692e(5);

- Making a false and misleading representation in violation of §1692e(10).

56. By reason thereof, Defendant is liable to Plaintiffs for judgment that Defendant's conduct violated Section 1692e *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs demand judgment against Defendant as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiffs as Class representatives, and Plaintiff's Counsel as Class Counsel;

(b) Awarding Plaintiffs and the Class statutory damages;

(c) Awarding Plaintiffs and the Class actual damages;

(d) Awarding Plaintiffs costs of this Action, including reasonable attorneys' fees and expenses;

(e) Awarding pre-judgment interest and post-judgment interest; and

(f) Awarding Plaintiffs and the Class such other and further relief as this Court may deem just and proper.

Dated: April 2, 2020

By:   /s/ Ari H. Marcus

Ari H. Marcus, Esq.
Marcus & Zelman, LLC

701 Cookman Avenue, Suite 300
Asbury Park, NJ 07712
Phone:  (732) 695-3282
Fax:    (732) 298-6256
Email: ari@marcuszelman.com
*Attorneys for Plaintiff*